## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

DANIEL STANCIL,
Prisoner Identification No. 36241-037,

     Petitioner,

     v.

UNITED STATES OF AMERICA,

     Respondent.

Criminal Action No. TDC-00-0295
Civil Action No. TDC-15-0333

## MEMORANDUM ORDER

On November 8, 1999, Daniel Stancil ("Stancil") pled guilty in the North Carolina Superior Court to second-degree murder, conspiracy to commit first-degree murder, first-degree kidnapping, and conspiracy to commit first-degree kidnapping. Mot. Vacate Ex. 1 (plea transcript), ECF No. 24-1. Based on the same events underlying those convictions, a federal prosecution for Conspiracy to Commit Kidnapping, in violation of 18 U.S.C. § 1201(c), was initiated on June 7, 2000. *See* ECF No. 1. That same month, Stancil pled guilty to that charge. *See* ECF No. 5. By a judgment entered on May 29, 2002 (Williams, J.), Stancil was sentenced to 360 months of imprisonment, to be followed by 60 months of supervised release, on the federal crime. ECF No. 21. Stancil was represented by counsel throughout his federal prosecution.

On February 5, 2015, Stancil filed a Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 ("§ 2255") in which he asks this Court to vacate his federal sentence because the charge and the evidence supporting it are "essentially the same" as the charge and evidence underlying his state conviction. Mot. Vacate at 1, ECF No. 24. Stancil thus concludes that his federal conviction violates the Fifth Amendment to the United States Constitution,

specifically the Double Jeopardy Clause.   On March 13, 2015, this Court ordered the Government to respond to the Motion within 60 days. ECF No. 25. The Government failed to respond by that deadline.   On June 3, 2015, the Court issued an Order instructing the Government to file its Response within seven days. ECF No. 27. The next day, June 4, 2015, the Government filed its Response, in which it argues that Stancil's Motion must be denied because it is time-barred. ECF No. 28. On June 5, 2015, Stancil filed a Motion for Entry of Default, based on the Government's failure to file its Response by the Court's initial deadline. ECF No. 29. On June 18, 2015, Stancil filed his Reply to the Government's Response, which he then amended on June 22, 2015. ECF Nos. 30 & 31.

The Government is correct that Stancil's Motion is time-barred.   Motions for relief under § 2255 are subject to a one-year statute of limitations. That one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Turning to the first provision, Stancil was sentenced on the federal case on May 29, 2002, and the judgment was docketed on May 31, 2002. Under Federal Rule of Appellate Procedure 4(b)(1)(A), Stancil had 10 days to file his Notice of Appeal on that

judgment.[1]  Stancil filed no Notice of Appeal, so that judgment became final on June 10, 2002. *See Clay v. United States*, 537 U.S. 522, 532 (2003) (holding, in the context of a petition for writ of *certiorari* to the United States Supreme Court, that a judgment becomes final for purposes of starting the § 2255 one-year limitation period when the time for seeking review of that judgment expires).  Thus, under this first provision, Stancil had until June 10, 2003 to file his § 2255 motion.

On the second provision, Stancil asserts in his Reply that from about late May 2002 to May 13, 2003, he was housed in "various county jails and federal holdovers," some of which have restrictive library policies. Reply at 2.  He also stated that he served his state sentence at Central Prison in Raleigh, North Carolina, and that the "North Carolina Department of Corrections DOES NOT have an inmate law library." *Id.* (emphasis in original).  Even if the Court were to assume that Stancil lacked access to a law library while in state custody, and that such a lack of access constituted governmental action in violation of the Constitution that served as an impediment to Stancil's filing a § 2255 motion, Stancil's submission indicates that he completed his state sentence and was moved to federal custody at the Federal Correctional Institution in Bennettsville, South Carolina on or before December 6, 2011. Mot. Ex. 1 at 6 (Detainer Letter).  Thus, under the most favorable view for Stancil of the second provision, he had until no later than December 6, 2012 to file his § 2255 motion.

The third and fourth provisions are inapplicable to Stancil's case.  As to the third provision, the right not to face multiple prosecutions for the same crime is a right that is enshrined in the United States Constitution. U.S. Const. amend. V.  It is therefore not a newly articulated right that would otherwise toll the running of the statute of limitations.  As to the

---

[1] In 2009, that period was extended to 14 days. *See* Fed. R. App. P. Advisory Committee Notes, 2009 Amendments.

fourth provision, the facts underlying Stancil's double jeopardy claim were entirely known to him at the time he pled guilty to the federal kidnapping charge. By that time, Stancil had already been charged with, and pled guilty in state court to, second-degree murder, conspiracy to commit first-degree murder, first-degree kidnapping, and conspiracy to commit first-degree kidnapping. He thus had, at the time of his federal conviction in 2002, all the information needed to seek relief on his current claim, so there is no basis to toll the statute of limitations period due to newly discovered information. Accordingly, even under the most generous application of the terms of § 2255(f), the statute of limitations on Stancil's double jeopardy claim expired, at the latest, on December 6, 2012, over two years before he filed his current Motion. The Court therefore denies Stancil's untimely Motion without a hearing. *See* 28 U.S.C. § 2255(b) (requiring a district court to hold a hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief").

The Court notes that even if it were to consider the merits of Stancil's claim, the Motion still would not succeed. Because the federal government and state governments are separate sovereigns, "[c]onviction and punishment in a state court under a state law for [a state crime] is not a bar to prosecution in a court of the United States under the federal law for the same acts." *United States v. Lanza*, 260 U.S. 377, 385 (1922). Stancil's prosecution in federal court for kidnapping therefore did not amount to double jeopardy.

Lastly, while it is true that the Government was tardy in filing its Response to Stancil's Motion, Stancil's Motion for Entry of Default was docketed after the Government's Response, when the Government had already cured its error. That Motion is dismissed as moot.

4

Accordingly, it is hereby ORDERED that Stancil's Motion to Vacate, ECF No. 24, is DENIED, and his Motion to Enter Default, ECF No. 29, is DISMISSED AS MOOT.  The Clerk is directed to close this case.


Date:   October 22, 2015

THEODORE D. CHUANG
United States District Judge